**Stephen WORTMAN, Appellant**

v.

**E.W. BEGLIN, Jr., Assignment Judge, Union County New Jersey, et al.; Commissioner of the State of New Jersey Department of Correction et al., et al.; Froelich, The Union County New Jersey Sheriff, et al.; Romankow, Prosecutor for the County of Union, New Jersey, et al.; Crose, Director Union County Jail New Jersey, et al.; West, Director of the Medical Department Union County Jail, et al.; Simon, Chief of the Elizabeth New Jersey Police Department, et al.; Board of Freeholders for the County of Union, New Jersey, et al., in their Official Capacity as well as their Individual Capacity as Citizens.**

No. 08–4899.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 24, 2009.

Opinion filed: Oct. 14, 2009.

---

**2.** Vasilopoulos did not file an amended notice of appeal and we thus review only the order that dismissed his complaints.

Stephen Wortman, New Jersey State Prison, Trenton, NJ, for Plaintiff–Appellant.

Christopher M. Howard, Esq., Office of County Counsel, Elizabeth, NJ, Stephen E. Siegrist, Esq., O'Connor Kimball, Cherry Hill, NJ, for Defendants–Appellees.

Before: RENDELL, HARDIMAN and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

In February 2003, Appellant Stephen Wortman filed suit under § 1983 against government officials and prison staff at Union County Jail in New Jersey. The District Court dismissed the complaint against all but two of the named defendants (Appellees Crose and West), and dismissed all but two of Wortman's claims against them: "denial of recreation as against Defendant Crose and ... denial of a wheelchair as against West." (Dist. Ct. Op. at 2.)

In March 2005, the District Court granted West's motion to dismiss the complaint because Wortman refused to comply with discovery requests or otherwise respond to pleadings. The District Court denied, however, Crose's similar motion to dismiss the complaint. This left the sole claim of "denial of recreation as against Crose," for which Wortman sought only injunctive relief.

At some point during the course of litigation, Wortman was transferred from Union County Jail to the New Jersey State Prison in Trenton. Given that Crose was no longer capable of denying Wortman his recreational needs as a result of the transfer, the District Court dismissed Wortman's complaint as moot. Wortman appealed from that decision.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's order dismissing the complaint on mootness grounds is plenary. See Int'l Bhd. of Boilermakers v. Kelly, 815 F.2d 912, 914 (3d Cir.1987). Having granted Wortman leave to proceed in forma pauperis, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it is frivolous, i.e., if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

We conclude that Wortman's appeal is legally frivolous for the reasons given by the District Court. See also Burns v. PA. Dep't of Corr., 544 F.3d 279, 283 (3d Cir. 2008). Notably, at no point in the hundreds of pages that Wortman has submitted on appeal does he address the District Court's decision to dismiss his complaint as moot. In fact, it seems that Wortman is instead attempting to argue claims from a different lawsuit. See CA 07–1463 (procedurally terminated pursuant to LAR 3.3 and LAR Misc. 107.1(a)).

Accordingly, because this appeal presents no arguable legal issue, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Wortman's motions for "single judge review," to "hear appeal on

full record," and "in opposition to the admittance of Appellee['s] counsel," are denied. Wortman's motion for appointment of counsel is denied moot. The motion "for leave to file an enlarged brief" is granted.